UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN WASHINGTON, #238164** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2124** |
| **PORTEOUS, HAINKEL & JOHNSON, ET AL.** | **SECTION "O"(5)** |

## REPORT AND RECOMMENDATION

In October 2025, while incarcerated at the St. Tammany Parish Jail, *pro se* plaintiff, Brian Washington, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] In the lawsuit, she claims that she was framed for automotive insurance fraud by different law firms and false information was disseminated. She requests $100,000,000 in monetary compensation.

The complaint was treated as deficient for failure to pay the filing fee or file an application for leave to proceed *in forma pauperis*. The Clerk promptly issued a notice of deficiency to Washington at her address of record, St. Tammany Parish Jail.[2] On November 10, 2025, the envelope containing the notice of deficiency was returned to the Court with a

---

[1] ECF No. 1, Complaint. Washington has filed numerous civil proceedings in this Court. The Court is aware that Washington identifies as a transgender female. Additionally, the Court notes that Washington has now acquired three strikes under the PLRA based on her history of filing frivolous and malicious lawsuits while incarcerated. *See Washington v. St. Tammany Parish Jail*, Civ. Action No. 25-1835, 2025 WL 3086555 (E.D. La. Sept. 29, 2025), *adopted*, 2025 WL 3080072 (E.D. La. Nov. 4, 2024).

[2] ECF No. 2, Notice of Deficient Filing, 10/15/2025.

notation "refused" and "undeliverable as addressed and unable to forward."[3] Washington has made no attempt to correct the stated deficiency or update her address.

Rule 41(b) of the Federal Rules of Civil Procedure Rule provides for dismissal of an action based on the failure of the plaintiff to prosecute or comply with any order of the court. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Dept.*, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

Furthermore, all litigants are obligated to keep the Court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1.[4] The complaint form signed by

---

[3] ECF No. 3.

[4] Rule 11 provides that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Rule 41.3.1 provides that "[t]he failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to

Washington and used to initiate this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." ECF No. 1 at p. 6 (¶ VI, Declaration No. 2).    "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."    *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).    More than 35 days ago, mail sent to Washington at the St. Tammany Parish Jail, her address of record, was returned by the United States Postal Service as undeliverable.    Furthermore, based on the Court's independent research, it appears that Washington was released from custody on September 25, 2025.[5]    Yet, Washington has not complied with her legal obligation to update her contact information and provide a current address for the Court to be able to advance her civil case on the docket. Accordingly, the complaint should be dismissed for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

---

the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return."

[5] A member of the undersigned's staff conducted a search through VINElink at https://doc.louisiana.gov/imprisoned-person-programs-resources/offender-information/

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. §636(b)(1)).[6]

Accordingly, for the reasons expressed, it is **RECOMMENDED** that Brian Washington's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

New Orleans, Louisiana, this __16th__ day of December, 2025.

                                                                          MICHAEL B. NORTH
                                                           UNITED STATES MAGISTRATE JUDGE

---

[6] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.